IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 20, 2000 Session

## SABRINA BURTON, ET AL. v. CARROLL COUNTY, TENNESSEE, ET AL.

**A Direct Appeal from the Circuit Court for Carroll County**
**Nos. 3777 and 3822      The Honorable C. Creed McGinley, Judge**

**No. W2000-00549-COA-R3-CV - Filed February 27, 2001**

Plaintiffs, husband and wife, sued county and county's volunteer fire department pursuant to Tennessee Governmental Tort Liability Act seeking damages for wife's personal injuries and husband's loss of consortium sustained while they were patronizing a "haunted house" operated by the volunteer fire department to raise funds. Plaintiffs allege that the defendants were negligent in (1) creating a dangerous and defective condition and failing to correct that condition; (2) failing to warn the public of the dangers and defective condition; and (3) failing to maintain the premises in a reasonably safe condition. The trial court, sitting without a jury, entered judgment for the plaintiffs. Defendants have appealed. The trial court's judgment is affirmed.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Robert T. Keeton, Jr. and Robert T. Keeton, III, of Huntingdon for Appellants, Carroll County, Tennessee and Yuma Volunteer Fire Department

Ricky L. Wood of Parsons and Michael A. Jaynes of Jackson for Appellees, Sabrina and Michael Burton

### OPINION

Plaintiffs, Sabrina Burton and husband, Michael Burton, sued Defendants, Carroll County, Tennessee, and Yuma Volunteer Fire Department and named individual members of the Fire Department[1] pursuant to Tennessee Governmental Tort Liability Act (TGTLA) for damages sustained when Mrs. Burton injured her leg after sliding down a slide in a haunted house being

---

[1] Although the record does not disclose an explicit disposition of the case as to the individually named defendants, they are implicitly relieved of liability by the court's finding that the immunity of the governmental entities was removed. *See* T.C.A. § 29-20-310 (b) (2000). Accordingly, we consider the trial court's judgment as a final judgment disposing of all claims and all parties and thus appealable as of right.

operated as a fund raising event. The slide, which apparently led to the haunted house exit, had a mattress at the bottom which was intended to prevent patrons from impacting a box or similar solid structure at the end of the slide. The record is unclear as to whether the mattress was in place the night of the injury and failed to prevent Plaintiff's injuries, or whether the mattress had been removed. However, Plaintiff's injuries were severe enough to warrant her admission to the hospital the night of the injury and surgery the following morning to repair the damage to her leg and ankle.

Plaintiffs' complaint alleges that the slide was a dangerous and defective condition, and that Defendants failed to properly warn the public of its dangers. The trial court, sitting without a jury, found in favor of Plaintiffs in the amount of $75,000.00 for Ms. Burton's injuries, and an additional $5,000.00 for Mr. Burton for loss of consortium. The court then reduced both awards by 33 1/3% for Ms. Burton's comparative negligence.[2]

Defendants present two issues on appeal: (1) Whether the trial court erred in allowing Plaintiffs to orally amend to allege the statutory criteria of notice on the date of trial; and (2) Whether Plaintiffs proved actual or constructive notice of a defective condition as required by the TGTLA. For the reasons below, we affirm the trial court's judgment.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

We first address the issue of whether the trial court properly allowed Plaintiffs to orally amend their complaint at trial to allege notice. Plaintiffs' suit is premised on T.C.A. § 29-20-204 (2000) which states:

> **29-20-204. Removal of immunity for injury from dangerous structures - Exception - Notice requires.** - (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
>
> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302.[repealed]

---

[2] No issue is presented for review concerning the allocation of fault.

Since T.C.A. § 29-20-302, which governed procedural notice, was repealed in 1987, the only statutory notice requirement which remains is that of alleging and proving that the governmental entity had actual or constructive notice of the dangerous condition.

Although the TGTLA requires Plaintiffs to formally plead actual or constructive "notice", the trial court properly allowed Plaintiffs to orally amend their complaint at trial. Leave to amend "shall be freely given when justice so requires." Tenn.R.Civ.P. 15.01. The grant or denial of a motion to amend is within the sound discretion of the trial court, and the court's action will be reversed only for an abuse of discretion. *Merriman v. Smith*, 599 S.W.2d 548 (Tenn. Ct. App. 1980).

Tenn.R.Civ.P. 15.02 provides in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. . . . If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice that party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

The record reflects that the trial court questioned Defendants' counsel concerning surprise and the court was assured that there was no surprise on his part. Defendants did not seek a continuance or a delay in the proceeding.

Defendants point to the case of *Doyle v. Frost*, in which this Court held that of the Tennessee Rules of Civil Procedure cannot be used to extend the statute of limitations under the TGTLA in order to add another defendant. 1999 WL 787432 (Tenn. Ct. App. 1999), *permission to appeal granted,* April 10, 2000. In *Doyle*, the plaintiffs attempted to amend their complaint to add a government defendant under Rule 15.03 after the one-year statute of limitations for the TGTLA had run. *Id.* at *1. We do not believe the reasoning in *Doyle* is applicable here. Plaintiffs in the instant case do not seek to add a defendant after the claim is barred by the statute of limitations in the TGTLA, and therefore, extend the period of time for which the State has consented to be sued. They merely want to amplify a timely filed notice pleading. We find no abuse of discretion by the trial court in allowing the amendment.

Finally, we address the issue of whether the Plaintiffs proved actual or constructive notice, as required under T.C.A. § 29-20-204 (2000). The trial court found that the volunteer fire

department constructed the slide and operated and maintained the haunted house. The record indicates that the slide construction was such that there was a gap or an uneven area at the bottom of the slide where it joins the platform which could cause an injury if someone's foot or leg was caught when descending the slide.

In *Sanders v. State*, a Claims Commission case (where notice is also a prerequisite to recovery) in which a child was injured on a playground, we wrote, "In the case at bar, the state constructed the offending instrumentality and obviously must be charged with notice of its condition as constructed." 783 S.W.2d 948, 952 (Tenn. Ct. App. 1989). *See also McGaughy v. City of Memphis*, 823 S.W.2d 209, 214-15 (Tenn. Ct. App. 1991). It is uncontroverted that the Defendants constructed, operated and maintained the haunted house, and therefore, were on notice of its condition at the time Plaintiff was injured. In addition, the record indicates that the slide was steep, the lighting was poor, and that no Yuma Volunteer Fire Department employee was positioned at the bottom of the slide to assist patrons. The evidence in the record does not preponderate against the trial court's finding of the requisite notice.

Accordingly, the judgment of the trial court is affirmed, and this case is remanded to the trial court for any further proceedings consistent with this opinion. Costs of appeal are assessed to the Defendants/Appellants and their sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.